IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GLENN K. MIZUKAMI,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DONNA C. EDWARDS; THOMAS D. COLLINS III; The STATE OF HAWAII and Gov. NEAL ABERCROMBIE, Hon. PAUL T. MURAKAMI & Hon. R. MARK BROWNING, judges of the Family Court of the First Circuit & judge Hon. DANIEL R. FOLEY Hawaii Intermediate Court of Appeals DOES 1-10,<br><br>　　　　Defendants. | Civ. No. 12-00102 SOM/BMK<br><br>ORDER (1) DISMISSING COMPLAINT AND (2) DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES |

ORDER (1) DISMISSING COMPLAINT AND
(2) DENYING PLAINTIFF'S APPLICATION
TO PROCEED WITHOUT PREPAYMENT OF FEES

I.   INTRODUCTION.

　　　　On February 21, 2012, Plaintiff Glenn K. Mizukami filed a Verified Complaint (the "Complaint") against Defendants Donna C. Edwards, Thomas D. Collins III, the State of Hawaii, Governor Neil Abercrombie (incorrectly named as "Neal Abercrombie"), Judge Paul T. Murakami, Judge R. Mark Browning, and Judge Daniel R. Foley (collectively, "Defendants").  Concurrent with the filing of his Complaint, Mizukami filed an Application to Proceed Without Prepayment of Fees, which he titled "To Proceed in Forma Pauperis" (the "Application").  As the Complaint fails to state a

claim that can be brought in this court, the court DISMISSES the Complaint without prejudice and DENIES the Application as moot.

## II. STANDARD OF REVIEW.

A court may deny leave to proceed in forma pauperis at the outset if it appears from the facts of the proposed complaint that the action is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). See also Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987) (citing Reece v. Washington, 310 F.2d 139, 140 (9th Cir. 1962)).

As a general principle, this court may not exercise appellate jurisdiction over state court decisions. D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923). This rule, commonly known as the Rooker-Feldman doctrine, provides that:

> a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.

Bennett v. Yoshina, 140 F.3d 1218, 1223 (9th Cir. 1998) (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994)).

The Rooker-Feldman doctrine precludes a district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate. See Exxon Mobil Corp. v.

Saudi Basic Indus. Corp., 544 U.S. 280, 284, 291 (2005) (noting that the doctrine bars district courts from reviewing challenges brought by state-court losers challenging state-court judgments). See also Allah v. Superior Court of Cal., 871 F.2d 887, 890-91 (9th Cir. 1989), superseded on other grounds by Fed. R. App. P. 4, as recognized in Harmston v. City & Cnty. of S.F., 627 F.3d 1273, 1279-80 (9th Cir. 2010). Litigants who believe that state judicial proceedings have violated their constitutional rights must appeal those decisions through their state courts and then to the Supreme Court. See Feldman, 460 U.S. 482-483; Bennett, 140 F.3d at 1223 (noting that "[t]he rationale behind [the Rooker-Feldman doctrine] is that the only federal court with the power to hear appeals from state courts is the United States Supreme Court").

The Rooker-Feldman doctrine does not apply to a "general constitutional challenge"--one that does not require review of a final state court decision in a particular case. Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1029 (9th Cir. 2001). "[The] distinction between a permissible general constitutional challenge and an impermissible appeal of a state court determination may be subtle, and difficult to make." Id. If the federal constitutional claims presented to a court are "inextricably intertwined" with the state court's judgment, then

3

a plaintiff is essentially asking this court to review the state court's decision.  Id.

III. BACKGROUND.

Mizukami's Complaint arises from various disputes with Edwards in the Family Court of the First Circuit, State of Hawaii ("Family Court"), and the Hawaii Intermediate Court of Appeals ("ICA") regarding custody and child-support payments.  Mizukami and Edwards were previously married, but divorced in 1991. Compl. ¶ 3, ECF No. 1.  This is not the first action Mizukami has filed in this court.  He has two prior cases, which also concerned state court proceedings.  See Mizukami v. Edwards, Civ. No. 09-00550 SOM/BMK (initiated Nov. 17, 2009); Mizukami v. Edwards, Civ. No. 09-00572 DAE/KSC (initiated Dec. 4, 2009). Those cases were dismissed.  The present action was filed on the same day as another case, in which Mizukami similarly makes allegations relating to state court proceedings.  See Mizukami v. Edwards, Civ. No. 12-00103 LEK/BMK (initiated Feb. 21, 2012).

It is not entirely clear from the Complaint in this case what occurred, but it appears that, in 2000, Mizukami and Edwards went to Family Court to address issues such as child-support payments.  Id. ¶¶ 14-17.  Mizukami alleges that on February 10, 2000, the Hawaii Child Support Enforcement Agency issued an order against Edwards in Mizukami's favor.  Id. ¶ 14. Edwards then allegedly retained Collins to represent her.  Id.

4

¶ 15. On May 14, 2001, Judge Murakami allegedly denied Edwards's claims against Mizukami, but by order dated May 15, 2001, awarded Edwards and Collins $3,400 in attorneys' fees. Id. ¶¶ 16-17.

Judge Murakami's order was appealed to the ICA, which allegedly affirmed the Family Court's order, but awarded Edwards and Collins $8,613 in attorneys' fees. Id. ¶ 18. In 2002, the parties again went to Family Court, and, by order dated January 14, 2002, the Family Court awarded Collins $29,273 in attorneys' fees. Id. ¶ 19. The Family Court's order was appealed to the ICA, and Mizukami alleges that Judge Foley (presumably writing for the ICA) awarded $7,054 to Edwards and Collins. Id. ¶ 20.

Mizukami alleges that Collins improperly recorded liens dated August 24, 2001, and June 18, 2004, in the Bureau of Conveyances. Id. ¶ 22. Mizukami allegedly moved to expunge the liens under section 507D-7 of the Hawaii Revised Statutes, but the court denied his motion. Id. ¶ 23. According to Mizukami, on appeal to the ICA, Judge Foley (again presumably writing for the ICA) affirmed the liens and the award of fees to Collins. Id. ¶ 24.

Mizukami alleges that, by order dated March 14, 2005, the ICA concluded that the fees assessed against Mizukami were baseless and "effectively voided" the award of fees. Id. ¶ 26. In 2009, the ICA allegedly affirmed another Family Court ruling dated March 15, 2007, which denied fees to Edwards and Collins. Id. ¶ 27.

Mizukami alleges that, in accordance with orders dated September 29, 2010, Judge Murakami was required to vacate an order to execute a lien, but did not do so.  Id. ¶ 28.  Mizukami also alleges that Judge Murakami "repeatedly denied Plaintiff's motions to restore inculpatory affidavits, transcripts and deposition tampered & removed from Court's Record."  Id. ¶ 30.  Similarly, Judges Murakami and Browning allegedly refused to file motions and notices of appeal, which were "secreted to abet Collins to defeat Plaintiff."  Id. ¶ 31.  Mizukami also alleges that Judges Murakami and Foley improperly refused to recuse themselves from deciding issues they had previously ruled upon.  Id. ¶¶ 32-33.  Mizukami alleges that the State of Hawaii or Governor Abercrombie is vicariously liable for the three judges' alleged wrongdoings.  Id. ¶ 6.

Mizukami ostensibly brings his claims under 42 U.S.C. §§ 1983, 1985, and 1986, asserting constitutional violations.  Id. ¶¶ 39-47.  Mizukami asks the court to expunge the liens against his property and award him damages.  Id. ¶ 48.  Mizukami also requests a declaratory judgment against all Defendants, as well as costs for 12 years of litigation.  Id. ¶ 49.

IV.  <u>ANALYSIS.</u>

The present action is essentially an attempt by Mizukami to have this court review and overturn state court

judgments[1] awarding Edwards fees and costs associated with proceedings before the state Family Court and ICA.  However, this court cannot review these claims.  Pursuant to the Rooker-Feldman doctrine, this court cannot review and overturn the final determinations of a state court.  See Napolitano, 252 F.3d at 1029.  Mizukami's Complaint, construed most favorably to Mizukami, at most alleges that Mizukami's constitutional rights were violated.  The sole basis for this argument is that the proceedings and judgments entered in state court were erroneous because the judges there assessed fees and costs against Mizukami and refused to expunge a lien against his real property.  However, if the court were to adjudicate his claims, it would have to review the state court proceedings, which it is barred from doing.  See Napolitano, 252 F.3d at 1029 (noting that if federal constitutional claims are "inextricably intertwined" with the state court's judgment, then the district court may not review the state court's decision).

Mizukami has previously sought relief from this court on similar theories.  See Mizukami v. Edwards, Civ. No. 09-00550

---

[1] It appears from the allegations in the Complaint that the state court decisions Mizukami challenges are final, as Mizukami says he appealed various decisions to the ICA and does not mention seeking review by the Hawaii Supreme Court.  To the extent any order in state court is not final, this court is aware that the Rooker-Feldman doctrine would not apply.  See Exxon Mobil Corp., 544 U.S. at 284.  However, if state court proceedings have not concluded, then it is not clear to the court why abstention principles would not apply such that this court should refrain from inserting itself into another court's decision-making activities.

SOM/BMK (initiated Nov. 17, 2009). The court dismissed his complaint in that action, stating that the Rooker-Feldman doctrine precluded review by this court. Mizukami essentially alleges the same or similar wrongdoing in this proceeding. The allegations of judicial misconduct in decisions favoring Edwards and the invocation of federal statutes do not save his case. Mizukami is still essentially asking the court to review the state court decisions, which the court declines to do.

V.   CONCLUSION.

This court thus dismisses Mizukami's Complaint without prejudice and denies his Application as moot. The court does not grant Mizukami leave to amend, as it is apparent from the Complaint that any amendment would be futile. See Carrico v. City & Cnty. of S.F., 656 F.3d 1002, 1008 (9th Cir. 2011) (holding that leave to amend is properly denied if amendment would be futile); W. Shoshone Nat'l Council v. Molini, 951 F.2d 200, 204 (9th Cir. 1991) (grounds for denying amendment include bad faith and futility of the amendment). Because Mizukami's claims are barred by the Rooker-Feldman doctrine, no amendment could cure the jurisdictional defects of his Complaint.

All pending motions are terminated without prejudice in light of the present dismissal. The Clerk of Court is directed to serve the present order on Attorney Thomas Collins and on Hawaii State Attorney General David Louie, who in turn are asked

to notify the respective named Defendants whom they represent or have represented that this order has been entered.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 29, 2012.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Mizukami v. Edwards et al., Civil No. 12-0102 SOM/BMK; ORDER (1) DISMISSING COMPLAINT AND (2) DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES