IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GLENN MIZUKAMI,<br><br>        Plaintiff,<br><br>     vs.<br><br>DONNA C. EDWARDS; THOMAS D. COLLINS III, et al.,<br><br>        Defendants. | CIV. NO. 12-00102 SOM/BMK<br><br>ORDER DENYING MOTION TO AMEND JUDGMENT |

ORDER DENYING MOTION TO AMEND JUDGMENT

        Plaintiff Glenn K. Mizukami's Motion To Amend Judgment is denied. Mizukami's proposed First Amended Complaint suffers from the same Rooker-Feldman problem as his original Complaint.

        Mizukami's filings make it clear that his First Amended Complaint continues to ask this court to review state court rulings. As the court explained in its prior order in this case, this court is without jurisdiction to review such rulings. Mizukami's remedy is to appeal state court rulings through the state courts and then to seek review by the United States Supreme Court. See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482-83 (1983); Bennett v. Yoshina, 140 F.3d 1218, 1223 (9th Cir. 1998).

Given the jurisdictional bar under Rooker-Feldman to this court's review of state court rulings, this court's prior order did not address Eleventh Amendment immunity or judicial immunity.

All of the claims in Mizukami's proposed First Amended Complaint, including those brought against individuals who are not state court judges, appear to be grounded in the state court rulings that Mizukami challenges.

To the extent any claim proposed by Mizukami against an individual who is not a state court judge could be read as something other than a challenge to a state court ruling, the proposed First Amended Complaint fails to state a claim against such individuals. Thus, for example, there is no actual wrongdoing that Governor Neil Abercrombie is alleged to have engaged in, so Mizukami cannot be viewed as having complied with the requirement in Rule 8 of the Federal Rules of Civil Procedure that his proposed First Amended Complaint include "a short and plain statement of the claim" against Abercrombie. Nor does this court have any reason to think that Abercrombie personally played any role in the matters Mizukami complains about. Certainly Abercrombie does not have the power to control state court judges' rulings, so any alleged wrongdoing by a judge could not be laid at Abercrombie's feet.

Nor can Mizukami be said to state cognizable claims against his former spouse, Donna C. Edwards, or her attorney, Thomas D. Collins III. Nothing in the record suggests that either was or is an agent for a governmental entity. Thus, although Mizukami asserts claims against them under 42 U.S.C. § 1983, nothing in the proposed First Amended Complaint suggests that they do satisfy (or could, with repleading, satisfy) the requirement in that statute that they have acted under color of state law to deprive him of any federal right.

Mizukami also asserts claims against Edwards and Collins under 42 U.S.C. § 1985 and 42 U.S.C. § 1986. Section 1985 addresses conspiracies to interfere with civil rights. That statute has several subsections; Mizukami appears to be relying on subsection (3), which applies if "two or more persons . . . conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person . . . of the equal protection of the laws." However, Mizukami's proposed claims do not appear to this court to state a claim based on a deprivation of equal protection rights.

When the court turns to Mizukami's claims against Edwards and Collins under § 1986, the court similarly fails to discern a cognizable claim. Section 1986 provides a remedy when a person who has been part of a § 1985 conspiracy could have prevented, but fails to prevent or aid in preventing, the

commission of a wrongful act. To the extent the allegedly wrongful acts are court orders, Mizukami cannot have a claim if those court orders, regardless of whether Mizukami is correct in saying they are erroneous, cannot constitute wrongful acts for purposes of § 1986. Moreover, nothing in Mizukami's allegations suggests that Edwards or Collins could have prevented a state court judge from ruling in a particular manner.

In short, to the extent that Mizukami could be said to be trying to assert claims that are not barred by the Rooker-Feldman doctrine, the factual allegations underlying such claims in the proposed First Amended Complaint are insufficient "to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). Accord Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

This court usually permits pro se plaintiffs to attempt to remedy pleading deficiencies through amended complaints. In this instance, however, any amendment would be futile, as the heart of Mizukami's claims is state court rulings

4

that this court is without jurisdiction to review. The proof of this futility is clear in the proposed First Amended Complaint.

Accordingly, the Motion To Amend Judgment is denied.

APPROVED AND SO ORDERED.

DATED: Honolulu, Hawaii, March 19, 2012.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Mizukami v. Edwards, et al; Civ. No. 12-00102 SOM/BMK; ORDER DENYING MOTION TO AMEND JUDGMENT